Michael Catalano, J.
Plaintiff seeks disclosure pursuant to CPLR 3124 against defendant, Chesapeake and Ohio Railway Company (C and O).
August 19,1965 plaintiff started its action to recover damages for personal injuries sustained March 17, 1964. Thereafter, third parties, New York Central Railroad Company (Central) and O and 0 started their third-party action against third-party defendant, Semet Solvay Division, Allied -Chemical Corporation (-Semet). December 29, 1966, all issues were joined.
After a trial before a court and jury, September 28, 1967, at the close of plaintiff’s case the court dismissed the case against Central and dismissed the case against Solvay. October 6, 1967, plaintiff received a verdict against C and 0 for $25,000, judgment being entered on February 16, 1968.
. February 4, 1968, O and 0 moved to dismiss plaintiff’s complaint; March 14, 1968, an order denying it was entered. C and 0 appealed. "Whereupon, all parties appealed to the Appellate Division.
February 20, 1969, the Appellate Division entered its order unanimously modifying the judgment to the extent of reversing so much thereof as dismissed the complaint against Central and granted plaintiff recovery against C and O; and a new trial was granted against both defendants, and as so modified, the judgment was affirmed (31 A D 2d 294).
*316 November 9, 1966, plaintiff’s attorney served a notice for discovery and inspection pursuant to CPLR 3120 upon defendants ’ attorneys, who refused to allow same.
On February 20, 1969, Bastow, J., speaking for the Appellate Division, said, in part (pp. 296, 297, 298): “The trial proof presented a factual issue as to whether the eyelet had broken because of a defective weld therein. Plaintiff also made a feeble attempt to establish that the eyelet was not structually suited for its intended purpose because of the position of the eyelet to the angle on the front of the car. Upon all the proof the trial court properly limited submission to the jury of the issue that the eyelet had a defective weld. * * *
“ The record, however, contains no proof of any facts from which the jury could havé concluded that O and 0 knew, or should have known of the alleged defect. There is no evidence as to when the car was built, when it was last in the possession of C and 0 or when it was last inspected * * * and when no facts were proven it was error to submit to the jury the issue of whether C and 0 had constructive notice of the alleged defect. It follows that the finding on this issue implicit in the verdict was based on pure speculation and the verdict may not stand.
“ New York'Central contends * * * that the proof established an improper design of the eyelet and not a defect discoverable by reasonable care in inspection and for such it is not responsible. * * * The trial court * * * then proceeded to submit the case as one of a defect in the eyelet and impliedly rejected (correctly, we believe) plaintiff’s contention that it had made prima facie proof of improper design of the eyelet. * * *
“Inasmuch as the proof established that New York Central had the car in its possession from March 7 to March 15, 1964, when it was delivered to Semet-iSolvay, a factual issue was presented as to whether it could have discovered the defect by reasonable care in inspection. ”
C and 0 opposes this motion as “ untimely ” because on April 10,1967, a note of issue and a statement of readiness were filed; the action was tried in September, 1967; on February 20, 1969, the judgment was modified by the Appellate Division ordering a new trial; on March 17, 1969, C and 0 filed a notice of appeal to the Court of Appeals, from that part of the judgment affirming the dismissal of the third-party action.
On March 19, 1969, Travelers filed a similar notice of appeal to the Court of Appeals.
*317 Generally, where plaintiff places a cause upon the calendar by the filing of a note of issue and a statement of readiness without taking defendant’s deposition, this constitutes a waiver, absent any special, unusual or extraordinary circumstances. (Price v. Brody, 7 A D 2d 204. See Rule V, “ Statement of Readiness, ” Rules of the Sup. Ct., 8th Jud. Dist., Erie County, approved Dec. 6, 1966, by the Fourth Judicial Department [22 NYCRR 1155.5].)
Such waiver has been excused because the facts of an accident are peculiarly in the knowledge of the party to be examined (Amkraut v. Roanoke Garment Co., 5 A D 2d 863); the defendant’s lawyer left the country on a vacation (McGuire v. Pick, 8 A D 2d 800); certain nonresident, nonparty witnesses refused to appear at the trial as anticipated (Van Blarcom v. Rogers, 11 A D 2d 678); a pleading was amended substantially increasing the ad damnum clause (Falkenstein v. Heyman, 12 A D 2d 918); a pleading was amended five years after the action was commenced, at the eve of trial, without changing the basic issues and without prejudice to anyone (Symphonic Electronic Corp. v. Audio Devices, 24 A D 2d 746); a new complete defense was added to a pleading based upon a recent United States Supreme Court decision (Schneph v. New York Times Co., 22 A D 2d 641); in a wrongful death action, the facts of the accident were solely within defendant’s knowledge (Farrell v. Reed, 16 A D 2d 709); substituted counsel acted promptly in representing an infant plaintiff who was seven years old at the time of the accident (D’Angelo v. Goddard, 29 A D 2d 333).
A case is placed on the calendar for trial by filing a timely and adequate note of issue. (CPLR 3402, subd. [a]; 4 Weinstein-Korn-Miller, N. Y. Prac., par. 3402.01; Rules of Sup. Ct., 8th Jud. Dist., Erie County.)
"When the Appellate Division orders a new trial, as here, it is the practice in Supreme Court, Erie County, to file a new note of issue with a statement of readiness, and whenever a preference is sought, it may be based upon this order by mere reference. Thereupon, the calendar Justice pro forma grants the preference accordingly.
Whenever the Appellate Division, speaking unanimously, as here, not only directs a new trial but specifically itemizes the essential facts that were inadequately established or missing entirely at the original trial, the party having the burden of proof should be permitted to discover those facts. The old note of issue and statement of readiness are no longer effective; new ones are necessary. So, the cause is not deemed ready for *318 trial and no waiver bars the necessary and proper procedure allowed by articles 30 and 31 of the CPLR and other applicable rules of court, unless expressly prohibited.
It follows that plaintiff’s relief should be allowed.
Motion granted, without motion costs.